IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 JAN 29 PM 4: 16

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     CRIMINAL No. 03-0568 WJ

CHARLES ANTHONY ROYBAL,

    Defendants.

*Memorandum in Support of*
EMERGENCY MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON JANUARY 28, 2004 TO THE RECORDS CUSTODIAN FOR THE BERNALILLO COUNTY METROPOLITAN COURT TO APPEAR WITH REQUESTED DOCUMENTS ON FEBRUARY 2, 2004

**COMES NOW** the Bernalillo County Metropolitan Court (hereafter "Movant") through New Mexico Assistant Attorney General David Tourek, and pursuant to Fed. R. Crim. 17(c)(2), respectfully requests that this Court grant its Emergency Motion to Quash Subpoena Duces Tecum.

### STATEMENT OF FACTS

1. On January 29, 2004 at 4:00 p.m., Movant was served with a Subpoena Duces Tecum for all bonding records of Charles Roybal to be produced for trial on February 2, 2004. See, Subpoena Duces Tecum attached as Exhibit 1A to the Affidavit of Gloria Pena attached as Exhibit 1.

2. Charles Anthony Roybal had been operating as a bail bondsman for at least the last seven and one half years and it will take a much greater period than just **four** days to determine whether all, if any, of the requested documents exist any longer and where all, if any, of the requested documents are being stored. See, Affidavit



attached as Exhibit 1.

3. There is no categorized storage system for the documents requested in the Subpoena Duces Tecum, so it will be necessary for Movant to assign a number of employees to physically sort through voluminous documents, ranging around seven hundred thousand files, to ascertain whether the documents pertain to those requested in the Subpoena Duces Tecum. If the requested documents exist copies will be made of them. Id.

4. Many of the Movant's key staff employees still dealing with issues arising from the Movant's recent move from our old building and the ongoing legislative session, many available and appropriate employees are not available to search for the requested documents until the weekends. Id.

5. The financial cost associated with reassigning employees to conduct the search for the requested documents and the copying of the requested documents will be approximately fifteen thousand dollars ($15,000.00), and the financial cost may be approximately, and Movant would want to make sure that a prepayment by Defense counsel Ray Twohig would occur prior to beginning the search for and copy of the requested documents. Id.

6. Movant believes it may be able to comply with the Subpoena Duces Tecum within the next ninety days after receiving prepayment to conduct the search for and copying of the requested documents. Id.

7. Movant's counsel was unable to contact Defense counsel prior to the filing of the Motion.

## ARGUMENT

Fed. R. Crim. 17(c)(2) permits a court to modify or quash a subpoena if compliance would be unreasonable or oppressive. Due to not only the lateness of the Subpoena Duces Tecum, its vagueness and voluminous nature, Movant respectfully requests that it be quashed. Movant does not have a categorized system by which it can easily retrieve the documents sought in the Subpoena Duces Tecum, and it would require the assignment of Movant's available and appropriate employees to conduct the search for and copying of the requested documents on the weekend. See, Exhibit 1. Based on the lateness, unreasonableness, oppressiveness and vagueness of the Subpoena Duces Tecum, Movant is unable to respond to the Subpoena Duces Tecum within the time that Defendant has allowed for it to respond. Id. If a reasonable amount of time is allotted for the Movant to locate and determine if all requested documents still exist and Defense counsel agrees to the pre-payment to Movant for the time and expense of locating and copying of the requested documents, Movant will attempt to comply with a modified Subpoena Duces Tecum. Movant will obviously agree to reimburse Defense counsel for any unused prepayment.

**WHEREFORE**, the Movant respectfully requests that this Court grant its Emergency Motion to Quash Subpoena Duces Tecum issued by Defendant and order all other relief that this Court deems just and proper.

Respectfully Submitted,

_____
David Tourek
Attorney for Movant
Assistant Attorney General
New Mexico Attorney General's Office
111 Lomas Blvd. N.W. Ste. 300

Albuquerque, NM 87102-2368
(505) 222-9087

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing pleading was faxed and mailed by U.S. Mail, postage prepaid, on January 29, 2004 to:

Ray Twohig, P.C.
8998 Rio Grande Blvd., N.W.
Albuquerque, New Mexico 87114
Fax 898-0004

Tara C. Neda
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
Fax 346-7296

_____
DAVID TOUREK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                                            CRIMINAL No. 03-0568 WJ

CHARLES ANTHONY ROYBAL,

    **Defendants.**

### AFFIDAVIT OF GLORIA PENA

STATE OF NEW MEXICO  )
                                )ss.
COUNTY OF BERNALILLO  )

    I, Gloria Pena, being duly sworn according to law, upon her oath, deposes and says the following:

    1.    I am the Record's Custodian for the Bernalillo County Metropolitan Court.

    2.    I have reviewed the Subpoena Duces Tecum in the above-referenced case which was served upon Bernalillo County Metropolitan Court in the late afternoon on Wednesday, January 28, 2004.

    3.    The Bernalillo County Metropolitan Court will be unable to respond to the Subpoena Duces Tecum by the date of February 2, 2004 as specified in the Subpoena Duces Tecum due to the voluminous nature of the documents sought.

    4.    Since Charles Anthony Roybal had been operating as a bail bondsman for at least seven and one half years, it will take a much greater period than just **four** days to determine whether all, if any, of the requested documents exist any longer and where all,

Ex.1

if any, of the requested documents are being stored.

5. There is no categorized storage system for the documents requested in the Subpoena Duces Tecum, so it will be necessary for the Bernalillo County Metropolitan Court to reassign a number of employees to physically sort through voluminous documents, ranging in to the area of seven-hundred thousand cases stored in different areas of the city, to ascertain whether the documents pertain to those requested in the Subpoena Duces Tecum. If the requested documents exist copies will be made of them. The cost per page for all copy requests is fifty (50) cents per page. I would estimate this amount to be approximately seven thousand five hundred dollars ($7,500.00).

6. Due to many of the Court's key staff employees still dealing with issues arising from the Bernalillo County Metropolitan Court's move from our old building and the ongoing legislative session, employees are not available to search for the requested documents during working hours and would need to work on weekends.

7. It would be necessary to require available employees to come in on the weekend for which Bernalillo County Metropolitan Court pays the hourly wage of time and a half. The amount would be approximately twenty dollars ($20.00) per hour. Only appropriate employees are permitted to have access to the files and conduct the search to insure the integrity of the files.

8. The financial cost associated with having Bernalillo County Metropolitan Court employees conduct the search of the requested documents will be approximately seven thousand five hundred dollars ($7,500.00). I would estimate the <u>total</u> financial cost may be approximately fifteen thousand dollars ($15,000.00), and would want to make sure that a financial prepayment occur by Defense Counsel Ray Twohig prior to

beginning the search and copying of the documents requested in the Subpoena Duces Tecum.

9. I would expect that the Bernalillo County Metropolitan Court may be able to comply with the Subpoena Duces Tecum within the next ninety days.

10. A copy of the Subpoena Duces Tecum served upon the Bernalillo County Metropolitan Court is attached as Exhibit 1A to this Affidavit.

FURTHER AFFIANT SAYTH NOT.

_____
GLORIA PEÑA

SUBSCRIBED AND SWORN TO before me on January 29, 2004, by

_____
Notary Public

My commission expires:

June 17, 2004

Rec'd in Administration 1/28/04
@ 4:00pm by B Pena



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. CR 2003-0568 WJ

CHARLES ANTHONY ROYBAL,

    Defendant.

## SUBPOENA DUCES TECUM

SUBPOENA FOR[1]

[X]  APPEARANCE OF PERSON FOR [ ] DEPOSITION  [X] TRIAL

[X]  SUBPOENA FOR DOCUMENTS OR OBJECTS[2]

[ ]  INSPECTION OF PREMISES[2]

TO:  Records Custodian
      Bernalillo County Metropolitan Court
      Albuquerque, New Mexico

YOU ARE HEREBY COMMANDED TO APPEAR as follows:

PLACE:  United States District Court for the District of New Mexico
            333 Lomas Blvd., N.W., Albuquerque, New Mexico

DATE:   Monday, February 2, 2004***

TIME:   9:00 a.m.
to:

---

    [1] A command to produce evidence or to permit inspection may be joined with a command to appear for a deposition or trial.

    [2] A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Ex 1A

[ ] testify at the taking of a deposition in the above case
[X] **testify at trial**
[ ] permit inspection of the following described documents or objects:
[ ] permit the inspection of the premises located at:

YOU ARE ALSO COMMANDED TO bring with you the following documents or objects:

All bonding records of Charles Roybal

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court and punished by fine or imprisonment.

THIS **SUBPOENA** issued by:       RAY TWOHIG, P. C.

By: _____
Ray Twohig
Attorney for Defendant
8998 Rio Grande Blvd., N.W.
Albuquerque, NM 87114
(505) 898-0400

***THIS SUBPOENA issued by or at the request of Ray Twohig, counsel for the Plaintiffs, 8998 Rio Grande Blvd., N.W., Albuquerque, NM 87114. Please call this office upon receipt of this subpoena at (505) 898-0400 to determine whether or not your presence is required on February 2, 2004, or later. Your failure to call may result in unnecessary expenses and travel. THANK YOU.**